IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLEO INVESTMENTS, LLC,

    Plaintiff,

v.                                                                      No: 1:22-cv-00320-KWR-LF

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

## MEMORADUM OPINION AND ORDER

THIS MATTER comes before the Court on defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Phased Discovery and Phased Trial, filed on June 27, 2022, which was fully briefed on July 11, 2022. Docs. 19, 20, 24, and 25. This matter also comes before the Court on State Farm's Motion for Protective Order, filed on October 21, 2022, and fully briefed on December 21, 2022. Docs. 31, 35, 39 and 40. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds the motions are not well-taken, and DENIES both.

**I. Background**

Cleo Investments owns the real property located at 2020 Buena Vista Dr. SE, in Albuquerque New Mexico. Doc. 1-1 at 2. Cleo Investments purchased an insurance policy from State Farm to cover the property for loss due to vandalism and other types of damage. *Id*. at 3. In November of 2020, the property was operating as an IHOP Restaurant. *Id*. On November 9, 2020, the property was vandalized by homeless individuals who had broken into the premises. *Id*. The damage to the property was significant, and the cost of repairs totaled more than

$1,000,000.00. *Id*. Following an investigation, State Farm's preferred vendor provided an estimate for the loss at $800,000. *Id*. at 4. Despite the vendor's estimate, State Farm issued a payment to Cleo Investments for $496,884.91. Doc. 19 at 2. Following an investigation by a public adjuster, State Farm issued an additional payment to Cleo Investments of $263,388.19. *Id*. Cleo Investments alleges that State Farm has failed to tender insurance benefits rightfully owed under the policy. Doc. 1-1 at 3. Cleo Investments further alleges that State Farm's unreasonable delay in handling and investigating the loss caused it damages. *Id*.

In Count I of its complaint, Cleo Investments alleges that State Farm breached the insurance contract by not paying for the cost to properly repair the property and "related losses." Doc. 1-1 ¶¶ 45–50. In Count II, Cleo Investments alleges that State Farm violated the New Mexico Unfair Insurance Claim Practices Act in the course of investigating and handling the claim. *Id*. ¶¶ 51–56. In Count III, Cleo Investments alleges that State Farm breached the implied covenant of good faith and fair dealing in investigating and handling the claim, and by refusing to pay the claim. *Id*. ¶¶ 57–72. Plaintiff seeks actual damages, consequential damages, punitive damages, statutory damages, prejudgment and post judgment interest, and attorney's fees and costs. *Id*. at 13, 14.

In its first motion, State Farm moves the Court for "phased discovery" and "phased trials" on Cleo Investments' contractual and extra-contractual claims because "the dispute in this case involves a disagreement on the value of Plaintiff's property claim, the resolution of which may render Plaintiff's bad faith claims moot." Doc. 19 at 1. State Farm contends that the discovery and trial should be bifurcated because the dispute over the value of the claim should be determined before it should have to defend the bad faith claim. *Id*. at 3–5. State Farm further contends that "there is substantial risk that the bad faith claim will swallow the property damage claim because the scope of 'bad faith' discovery is often exceedingly broad." *Id*. at 5. In its

motion for protective order, State Farm asks the Court to enter a protective order that would effectively stay discovery on the extra-contractual claims until there has been a determination that State Farm breached its duty to pay Cleo Investments under the policy. Specifically, State Farm request that it be excused from responding to certain discovery requests that relate to Cleo Investments' extra-contractual claims because, in State Farm's view, the requests are "premature, impermissibly broad, and harassing." Doc. 31 at 2. Because I find that Cleo Investments contractual and extra-contractual claims should not be bifurcated, I also find that a protective order is not warranted, and discovery should proceed on all of Cleo Investments' claims.

## II. Legal Standard

Federal Rule of Civil Procedure 42(b) allows that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation under Rule 42(b) is "appropriate 'if such interests favor separation of issues and the issues are clearly separable,' " *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217–18 (D.N.M. Sept. 13, 2016) (quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003)), such as "when the resolution of one claim may eliminate the need to adjudicate one or more other claims." *Id*. at 1218 (citation omitted). However, bifurcation is "inappropriate when it will not appreciably shorten the trial or [a]ffect the evidence offered by the parties because claims are inextricably linked." *F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 629 (D. Colo. 1999).

A district court's discretion in deciding whether to sever issues for trial is "broad" and "considerable." *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999)); *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable."

*Angelo*, 11 F.3d at 964.  On the other hand, bifurcation "is an abuse of discretion if it is unfair or prejudicial to a party." *Ortiz*, 207 F. Supp. 3d at 1218 (citing *Angelo*, 11 F.3d at 964).  Moreover, bifurcation is to be decided "on a case-by-case basis" and should not be regarded as "routine." *Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97–98 (E.D. Pa. 1990).  The party seeking bifurcation bears the burden of proving that it is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).

**III.   Discussion**

A. <u>Cleo Investments is not Required to Establish Breach of Contract Before Its Extra-Contractual Claims are Ripe for Adjudication</u>.

State Farm argues that Cleo Investments must prove that it is legally entitled to damages in excess of what it already has received under the policy before State Farm can be held liable for bad faith.  Doc. 19 at 2–5.  State Farm further argues that "a mere disagreement on claim value" does not constitute bad faith. *Id*. at 3.  Cleo Investments counters that this case is not limited to a simple valuation dispute, and that its bad faith case includes State Farm's delay in issuing a coverage decision, using three different preferred vendors to adjust the claim, and issuing payment for substantially less than its preferred vendor's estimated damages. *See* Doc. 20 at 6.  Cleo Investments also argues that the extra-contractual claims are inextricably intertwined with the contract claims, and bifurcation would waste time and resources. *Id.* at 6–7.

The Court is not persuaded that bifurcation and staying discovery on the extra-contractual issues is appropriate in this case.  Resolution of the contract claim in State Farm's favor is not necessarily determinative of the extracontractual claims. *See Willis v. Government Employees Ins. Co.*, Civ. No. 13cv0280, 2015 WL 11181339, at *3 (D.N.M. 2015).  "An insurer in New Mexico can act in bad faith in its handling of a claim 'for reasons other than its refusal to pay' a

4

claim in full." *Id*. (quoting *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, ¶ 7, 131 N.M. 630, 633, 41 P.3d 356, 359). A plaintiff may prove bad faith by showing that the insurance company acted unreasonably under the circumstances to conduct a timely and fair investigation or evaluation of the claim, or it unreasonably delayed its notification to the policyholder that the claim would be paid or denied, or it failed to timely investigate or evaluate or pay a claim. *See* NMRA, Civ. UJI 13-1702; *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 3, 135 N.M. 106, 109, 85 P.3d 230, 234. In *Willis*, the court denied GEICO's motion to bifurcate, reasoning:

> Plaintiffs' bad faith claims concerning quality or quantity of services, untimeliness, and dishonesty are for "reasons other than [GEICO's] refusal to pay" Plaintiffs' claim in full. Those bad faith claims are distinct and independent from Plaintiffs' claim that GEICO refused to pay Plaintiffs' claim in full, the basis for Plaintiffs' contract claims. Accordingly, the bad faith claims are not contingent on the contract claims. GEICO has, therefore, failed to demonstrate that bifurcation is warranted for that reason.

*Willis*, 2015 WL 11181339, at *3; *see also Martinez v. State Farm Mutual Automotive Insurance Co.*, Civ. No. 16cv1029 WJ/LF, Doc. 27 at 6 (D.N.M. March 27, 2017) (finding bifurcation inappropriate where some of plaintiff's extra-contractual claims arose for reasons other than insurer's failure to pay).

Here, Cleo Investments' extracontractual claims are based on more than its allegation that State Farm failed to pay its claim in full. As Cleo Investments points out, it also claims that "State Farm failed to conduct a timely and fair investigation of the loss, including . . . fail[ing] to issue a coverage decision for nine months, going through three different preferred vendors to adjust the Claim, issuing a coverage decision that is more than $200,000 less than the estimate as submitted by its own retained preferred vendor, and providing its vendor with insurance proceeds that belong to Cleo Investments for services that were never performed." Doc. 20 at 10. Thus, a determination that State Farm breached the contract by underpaying the claim does not appear necessary before Cleo Investments can show that State Farm acted in bad faith in its handling of

the claim.  *See Willis*, 2015 WL 11181339, at *3; *see also Sanchez v. Safeco Ins. Co. of Am.*, Civ. No. 14cv0926 MV/GBW, 2015 WL 12832335, at *1 (D.N.M. Sept. 11, 2015) (same).  Because Cleo Investments' bad faith claims are distinct and independent from its breach of contract claim, bifurcation is not appropriate.[1]

    B.  <u>Bifurcation is not Necessary to Prevent Confusion and Unfair Prejudice</u>.

The Court also is not persuaded that bifurcation is more efficient or necessary to prevent jury confusion or unfair prejudice to State Farm at trial.  Bifurcation under Rule 42(b) is not appropriate if the evidence to be presented on the various claims is inextricably linked.  *Buccheri v. GEICO Ins. Co.*, Civ. No. 17cv0490 LF/KK, 2017 WL 3575486, at *4 (D.N.M. 2017).  Although State Farm claims that the issues and discovery here are distinct—arguing that "[a]bsent a legal obligation to pay additional policy benefits, any claim for bad faith failure to pay a first party claim is simply premature"—how State Farm determined the extent and value of the damages resulting from the vandalism is inextricably intertwined with its claims handling procedures and policies.  Put another way, relevant to both issues are the amount of Cleo Investments' damages (the central issue in Cleo Investments' contractual claim) and whether State Farm's assessment of Cleo Investments' damages constituted bad faith (Cleo Investments' extra-contractual claims).  *See Sena-Baker v. Allstate Property and Cas. Ins. Co.*, Civ. No. 20cv0492, 2020 WL 5748355, at *5 (D.N.M. Sept. 25, 2020).

---

[1] Even if the claims were dependent, bifurcation is not mandated.  "[T]he fact that a determination of the coverage issue would be dispositive of the remaining claims does not mandate bifurcation." *Christy v. Travelers Property and Casualty Insurance Co.*, Civ. No. 13cv281 WJ/LFG, Doc. 21 at 4 (D.N.M. Aug. 29, 2013).  "Even where claims are dependent on one another, bifurcation is not appropriate where 'both claims rely on the same factual underpinnings and are therefore not separable.'" *Id.* (citing *Crespin v. State Farm*, Civ. No. 10cv0881 MCA/WDS, Doc. 51 at 16 (D.N.M. July 12, 2011) (holding that bifurcation was inappropriate even though the bad faith claim was dependent on the contract claim)).

Further, presenting the coverage claim will entail presenting evidence regarding the terms of the contract, and whether State Farm breached the contract by undervaluing Cleo Investments' insurance claim. *See Huss v. American Family Ins. Co.*, Civ. Nos. 13cv0330/0332 WJ/RHS, 2014 WL 12465421, at *3 (D.N.M. Jan. 10, 2014). "This evidence is also relevant to the unfair trade practices and bad faith claims." *Id.* As Cleo Investments points out, "the same individuals will be involved in discovery for both the breach of contract and extra-contractual claims. A substantial amount of their testimony would be relevant to elements on all the claims, and thus, bifurcation would not only multiply discovery, but also, would multiply trial appearances." Doc. 20 at 11. State Farm counters that the witnesses and evidence for the property loss claim would include the three vendors retained by State Farm to investigate the loss, the public insurance adjuster retained by Cleo Investments, estimates, and photographs of the property damage. Doc. 24 at 6. On the other hand, the witnesses for the extra-contractual claims would include the adjuster and bad faith experts. *Id*. It appears, however, that Cleo Investments' extra-contractual claims—including undue delay, the issuance of a payment lower than the estimate submitted by State Farm's preferred vendor, and providing the vendor with insurance proceeds that belong to Cleo Investments for services that were never performed—would require evidence from the vendors and public insurance adjuster as well as photographs and estimates of the property damage. Bifurcation would waste time and judicial resources, and would require duplication of effort. The contractual and extra-contractual claims are sufficiently intertwined to permit simultaneous discovery and, ultimately, trial of the claims.

Allowing the claims to proceed simultaneously does not create a substantial risk of juror confusion. As the Honorable District Judge Kenneth Gonzales observed, "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case. Sufficiently clear jury instructions, including limiting instructions, and clear arguments by

counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice." *Willis*, 2015 WL 11181339, at *4. Further, the Court must balance any potential prejudice to State Farm against the prejudice of the delay that bifurcation would cause to Cleo Investments, and the inconvenience to the Court. Balancing the equities, bifurcation is not appropriate in this case.

### IV.   Conclusion

State Farm has not convinced the Court that bifurcation of the trial in this case under Rule 42(b) is clearly necessary. Without bifurcation of the trial, there is no need to stay discovery on the extra-contractual claims. Consequently, the Court denies the motion for phased discovery and the motion for protective order.

IT IS THEREFORE ORDERED that State Farm's Motion for Phased Discovery and Phased Trial (Doc. 19) is DENIED.

IT IS FURTHER ORDERED that State Farm's Motion for Protective Order (Doc. 31) is DENIED. State Farm will have 30 days from the date of this order to respond to Cleo Investments' discovery requests that are the subject of the motion for protective order.

_____
Laura Fashing
United States Magistrate Judge